IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEMETRIS DUCKSWORTH,

    Petitioner,        No. CIV S-10-0421 FCD EFB P

  vs.

G. SWARTHOUT,

    Respondent.        <u>FINDINGS AND RECOMMENDATIONS</u>

              /

   Petitioner is a state prisoner proceeding *in propria persona* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the decision of the California Board of Parole Hearings (hereinafter "Board") to deny him parole at a parole consideration hearing held on December 23, 2008. He claims that the Board's decision finding him unsuitable for parole violated state law and his federal rights to due process and equal protection.

   As discussed below, the United States Supreme Court has held that the only inquiry on federal habeas review of a denial of parole is whether the petitioner has received "fair procedures" for vindication of the liberty interest in parole given by the state. *Swarthout v. Cooke*, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011) (per curiam). In the context of a California parole suitability hearing, a petitioner receives adequate process when he/she is allowed an opportunity to be heard and a statement of the reasons why parole was

1

denied. *Id.* at \*\*2-3 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"); *see also Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 16 (1979). For the reasons that follow, applying this standard here requires that the petition for writ of habeas corpus be denied.

## I. Procedural Background

Petitioner is confined pursuant to a 1995 judgment of conviction entered against him in the Solano County Superior Court following his conviction on a charge of second degree murder. Pet. at 1. Pursuant to that conviction, petitioner was sentenced to fifteen years to life in state prison. *Id.*

The parole consideration hearing at issue was held on December 23, 2008. Pet., Ex. A. Petitioner appeared at and participated in the hearing. *Id.* Following deliberations held at the conclusion of the hearing, the Board panel announced their decision to deny petitioner parole for three years and the reasons for that decision. *Id.*

Petitioner challenged the Board's 2008 decision in a petition for writ of habeas corpus filed in the Solano County Superior Court. Answer, Ex. 1. The Superior Court denied that petition in a reasoned decision. *Id.*, Ex. 2. Petitioner subsequently challenged the Board's 2008 decision in a petition for a writ of habeas corpus filed in the California Court of Appeal and a petition for review filed in the California Supreme Court. *Id.*, Exs. 3, 4. Those petitions were summarily denied. *Id.*, Exs. 5, 6.

## II. Petitioner's Claims

Petitioner raises three grounds for relief. First, he claims that the Board is violating the California Penal Code in failing to set parole dates for life inmates. Pet. at 6. Second, he claims that the Board's 2008 decision finding him unsuitable for parole based on "the circumstances of the crime and/or other immutable factors" constituted an "equal protection and/or due process violation." *Id.* Third, petitioner claims that the Board improperly applied California's "some

evidence" standard in finding him unsuitable for parole. *Id.*

**III. Analysis**

The due process clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the due process clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the due process clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted). *See also Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. *Jago v. Van Curen*, 454 U.S. 14, 17-21 (1981); *Greenholtz*, 442 U.S. at 7 (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *see also Hayward v. Marshall*, 603 F.3d 546, 561 (9th Cir. 2010) (en banc). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." *Greenholtz*, 442 U.S. at 12). *See also Allen*, 482 U.S. at 376-78;

California's parole scheme[1] gives rise to a liberty interest in parole protected by the federal due process clause. *Swarthout v. Cooke*, 562 U.S. at ___, 2011 WL 197627, at *2. However, the United States Supreme Court has held that correct application of California's

---

[1] In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. *In re Lawrence*, 44 Cal.4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal.4th 616, 651-53 (2002).

"some evidence" standard is not required by the federal due process clause. *Swarthout*, 2011 WL 197627, at *2. Rather, this court's review is limited to the narrow question whether the petitioner has received adequate process for seeking parole. *Id.* at *3 ("Because the only federal right at issue is procedural, the relevant inquiry is what process [petitioner] received, not whether the state court decided the case correctly."). Adequate process is provided when the inmate is allowed a meaningful opportunity to be heard and a statement of the reasons why parole was denied. *Id.* at **2-3 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"); *see also Greenholtz*, 442 U.S. at 16.

Here, the record reflects that petitioner was present at the 2008 parole hearing, that he participated in the hearing, and that he was provided with the reasons for the Board's decision to deny parole. Pursuant to *Swarthout*, this is all that due process requires. As set forth above, federal due process does not require that the Board's suitability decision be supported by evidence that petitioner was not currently dangerous. Accordingly, petitioner is not entitled to relief on his due process claim.

Petitioner's arguments that the Board, and state courts upholding the Board's decision, erred in applying state law are not cognizable in this federal habeas corpus proceeding. *See Rivera v. Illinois*, ___ U.S. ___, 129 S.Ct. 1446, 1454 (2009) ("[A] mere error of state law . . . is not a denial of due process") (quoting *Engle v. Isaac*, 456 U.S. 107, 121, n. 21 (1982) and *Estelle v. McGuire*, 502 U.S. 62, 67, 72-73 (1991)). Accordingly, these claims should be denied as well.

Finally, petitioner has failed to demonstrate that his right to equal protection was violated by the Board's decision finding him unsuitable for parole. A petitioner raising an equal protection claim in the parole context must demonstrate that he was treated differently from other similarly situated prisoners and that the Board lacked a rational basis for its decision. *McGinnis v. Royster*, 410 U.S. 263, 269-70 (1973); *McQueary v. Blodgett*, 924 F.2d 829, 835

(9th Cir. 1991). Petitioner has failed to show that any other inmate who was similarly situated to him was granted a parole date. Petitioner was treated equally to other indeterminate life-term inmates seeking parole in that he was given a hearing pursuant to state law where his individual circumstances were considered in determining whether he was suitable for parole. For these reasons, petitioner is not entitled to relief on his claim that his equal protection rights were violated by the Board's conclusion in 2008 that he was not suitable for parole.

**VI. Conclusion**

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board).

DATED: February 14, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE